**Fulan YANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–70840.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2013.*

Filed Dec. 2, 2013.

Melanie Meie Yang, Esquire, Law Offices of Melanie M. Yang, San Gabriel, CA, for Petitioner.

Craig Alan Newell, Jr., Esquire, Trial, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

MEMORANDUM **

Fulan Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir.2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on both the discrepancy between Yang's testimony and visa application related to her alleged detention, and on the discrepancy between her testimony and other evidence in the record regarding her alleged employment termination. *See Shrestha*, 590 F.3d at 1046–47. The agency reasonably rejected Yang's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir.2007). Further, Yang does not challenge the IJ's negative demeanor finding. In the absence of credible testimony, Yang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, Yang's CAT claim also fails because it is based on the same testimony found to be not credible, and she does not point to any other evidence that shows it is

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Thus, we reject Yang's request for oral argument.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

more likely than not she would be tortured if returned to China. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.